**In re MISCO SUPPLY COMPANY, formerly Misco United Supply, Inc., a Kansas Corporation, Debtor.**

**MISCO INDUSTRIES, INC., Plaintiff,**

v.

**Charles R. HENRY, Trustee of the Bankruptcy Estate of Misco Supply Company, Defendant.**

**Bankruptcy No. 83–11692.
Adv. No. 86–0649.**

United States Bankruptcy Court,
D. Kansas.

Aug. 13, 1987.

Charles W. Harris and Ronald B. Rose, of Curfman, Harris, Stallings & Snow, Wichita, Kan., for plaintiff.

Christopher J. Redmond, of Redmond, Redmond, O'Brien & Nazar, Wichita, Kan., for defendant.

Rand L. Carroll, of Fleeson, Gooing, Coulson & Kitch, Wichita, Kan., for bank group.

## MEMORANDUM OPINION AND ORDER

BENJAMIN E. FRANKLIN, Chief Judge.

This matter came for hearing on December 5, 1986, on complaint of Misco Industries, Inc., requiring trustee of Misco Supply Company to account and pay for state tax benefits. The plaintiff, Misco Industries, Inc., appeared through counsel, Charles W. Harris and Ronald B. Rose. The trustee, Charles R. Henry, appeared through counsel, Christopher J. Redmond. The "Bank Group," the larger unsecured creditors, appeared by Rand L. Carroll in support of the trustee's position. After hearing arguments of counsel, this Court took the matter under advisement based on the pleadings.

Based on the pleadings, the briefs, and the record, this Court finds as follows:

1. The plaintiff, Misco Industries, Inc., is a West Virginia corporation doing business at 257 North Broadway, Wichita, Kansas 67202.

2. Charles R. Henry is the duly appointed and qualified trustee of the bankruptcy estate of Misco Supply Company.

3. This Court has jurisdiction over the parties and the subject matter; venue is proper.

4. The plaintiff, Misco Industries, Inc., and the defendant, Charles R. Henry, trustee of Misco Supply Company, are parties to a Compromise and Settlement Agreement executed on December 18, 1984.

5. The Compromise and Settlement Agreement is incorporated by reference herein.

6. On December 28, 1984, the Compromise and Settlement Agreement was approved by the U.S. Bankruptcy Court for the District of Kansas.

7. Section 7.I of the Agreement provides as follows:

The Trustee has further analyzed and alleged that Industries and Leasing may be indebted to Misco Supply Company by virtue of the tax benefits received, and further, that Industries might have to pay over a portion of the 1983 Internal Revenue Service tax refund to Misco Supply Company as a result of the filing of the consolidated return. As an integral part of this settlement, the Trustee hereby releases any right, title or interest in and to any causes of action it may have against Industries, Leasing, and any right, title or interest in and to any tax benefits *or* Internal Revenue Service tax refund *which may be due and owing to or by Industries and/or its Related Entities.* (Emphasis added)

8. The term "Related Entities" is defined in the first complete paragraph on page 6 of this Agreement as follows:

For the purposes of this Agreement, Misco Broadcasting Corporation, a Kansas corporation, and its wholly owned subsidiaries, Misco FM–96 Limited, a Kansas corporation, KIN, Inc., a Kansas Corporation; Misco Leasing, Inc., a Kansas corporation, and its wholly owned subsidiaries, Misco Leasing Company, a Kansas corporation, Misco Vehicle Leasing Company, a Kansas corporation; Misco Textile Rentals of Colorado, Inc., a Colorado corporation, Misco Textile Rentals of Kansas, Inc., a Kansas corporation, Misco Rentals of Houston, Inc., a Kansas corporation, Misco Executive Building Services, a Kansas corporation, Misco Textile Rentals of Arkansas, Inc., a Kansas corporation, Misco Textile Rentals of Tennessee, Inc., a Kansas corporation, and its respective officers, directors and shareholders, shall be hereinafter referred to as "Related Entities."

9. On September 16, 1986, the plaintiff filed a complaint requiring trustee to account for money received from state tax refunds, for interest, for payment of tax benefits and interest. The trustee answered and denied that the agreement covered money received from state tax refunds.

10. The state tax refunds in question were not due Misco Supply Company at the time of the execution of the Compromise and Settlement Agreement. Misco Supply Company only became entitled to the state tax refunds due to post-petition sales of Misco Supply Company assets which resulted in the sustaining of losses which entitled Misco Supply Company to file amended 1983 state tax returns and to receive the state tax refunds in question.

## CONCLUSIONS OF LAW

The broad issue before this Court is the interpretation of section 7.I of the Compromise and Settlement Agreement which states:

> The Trustee has further analyzed and alleged that Industries and Leasing may be indebted to Misco Supply Company by virtue of the tax benefits received, and further, that Industries might have to pay over a portion of the 1983 Internal Revenue Service tax refund to Misco Supply Company as a result of the filing of the consolidated return. As an integral part of this settlement, the Trustee hereby releases any right, title or interest in and to any causes of action it may have against Industries, Leasing, and any right, title or interest in and to any *tax benefits* or Internal Revenue Service tax refund which may be due and owing to or by Industries and/or its Related Entities. (Emphasis added)

The plaintiff, Misco Industries, Inc., argues that the agreement clearly releases to the plaintiff any rights of the trustee/defendant, Charles R. Henry, in any "tax benefits." The plaintiff argues that the words "tax benefits" are words which, in every day usage, would encompass very broad advantages and should include the state tax refunds in question.

The trustee/defendant, and the bank group, on the other hand, assert two defenses by interpreting the agreement in a completely opposite way. They allege *first* that Misco Supply Company was not defined in the Compromise and Settlement Agreement as a "Related Entity" of Misco Industries, and, therefore, the plaintiff has no claim to tax refunds received by Misco Supply Company under the agreement. *Second*, the trustee argues that, in any event, the parties did not intend to include state tax refunds within the meaning of the term "tax benefits."

Fundamentally, the interpretation of contracts requires a determination of the intention of the parties. *Springer v. Litsey*, 185 Kan. 531, 535, 345 P.2d 669 (1959). This intention is to be determined from within the four corners of the instrument. This intention shall be ascertained by a consideration of all the pertinent provisions of the contract and not by isolating a single word or phrase. *Drilling, Inc. v. Warren*, 185 Kan. 29, 34, 340 P.2d 919 (1959).

After reviewing the entire agreement under these fundamental rules of contract interpretation, this Court must agree with the interpretation asserted by the trustee/defendant and the bank group in this case. Under the agreement, the trustee is not required to turn over the state tax refunds in question.

■ First, this Court finds that the definition of "Related Entities" as used in the agreement does not include Misco Supply Company as one of the "Related Entities" of Misco Industries. This fact is crucial because the operative language of section 7.I provides that the trustee releases any right to "tax benefits or Internal Revenue Service tax refund *which may be due and owing to or by Industries and/or its Related Entities.*" (emphasis added). Assuming for the sake of argument that state tax refunds even fall under the term of "tax benefits" as used in Section 7.I if those refunds were not "due and owing to or by Industries and/or its Related Entities," then the plaintiff's claim is without merit. The refunds were due and owing to Misco Supply Company, not to Industries and/or its related entities.

■ Second, this Court finds that, in any event, the parties to the agreement did not intend to include state tax refunds within the meaning of the term "tax benefits." The parties only intended to settle and compromise any right to 1983 Internal Revenue

**282**

Service tax refund as a result of the parties filing a consolidated return. This Court reaches this conclusion by reading section 7.I as a whole. Throughout the section, the parties referred only to the federal refund, and failed to even mention a state refund. If the parties meant to bargain away something as important as the state refunds, certainly they would have expressly so stated or at least referred to state refunds in their agreement.

IT IS THEREFORE, BY THE COURT, ORDERED That judgment be against the plaintiff, Misco Industries, Inc., and in favor of the defendant/trustee, Charles R. Henry.